REED E. SCHAPER (SBN 082792)
CURIALE DELLAVERSON
  HIRSCHFELD & KRAEMER, LLP
2425 Olympic Boulevard
Suite 550 East Tower
Santa Monica, CA 90404
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
EDUCATION MANAGEMENT
CORPORATION

FILED

'08 MAR -7 PM 2: 49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 434 BTM POR

| | |
|---|---|
| GREG CAMPBELL,<br><br>                    Plaintiff,<br><br>vs.<br><br>EDUCATION MANAGEMENT<br>CORPORATION; and DOES 1<br>through 25, inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B)**<br><br>**(DIVERSITY)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Education Management Corporation (hereinafter "EDMC" or "Defendant), pursuant to 28 U.S.C. § 1441 *et seq.,* and gives notice of the removal of this action from the Superior Court of the State of California in San Diego County to the United States District Court for the Southern District of California.

## I.    PROCEDURAL BACKGROUND

1.    On January 22, 2008, an action was commenced in the Superior Court of the State of California, in the County of San Diego, entitled *Greg Campbell, Plaintiff v. Education Management Corporation; and Does 1 through 12, inclusive,*

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1  *Defendants*, Case No. 37-2008-00076304-CU-WT-CTL (hereinafter referred to as

2  the "Complaint"). The Complaint alleges causes of action for wrongful termination

3  in violation of public policy, violation of California Labor Code section 921-923,

4  and intentional infliction of emotional distress. The Complaint was served on

5  Defendant on February 7, 2008.

6      2.    This removal has been timely filed because it is filed within thirty days

7  of the date Defendant was served with the Summons and Complaint. *See* 28 U.S.C.

8  § 1446(b).

9  ## II.   GROUNDS FOR REMOVAL

10 **A.   Diversity Jurisdiction**

11     3.    This case is properly removable pursuant to 28 U.S.C. § 1441, which

12 provides in pertinent part as follows:

13 > Any civil action of which the district courts have original
   > jurisdiction founded on a claim or right arising under the
14 > Constitution, treaties or laws of the United States shall be
   > removable without regard to the citizenship or residence
15 > of the parties. Any other such action shall be removable
   > only if none of the parties in interest properly joined and
16 > served as defendants is a citizen of the State in which
   > such action is brought.
17

18     4.    This action is properly removable under 28 U.S.C. § 1441 because the

19 United States District Court has original jurisdiction of this case under 28 U.S.C.

20 § 1332(a), as amended, which provides in pertinent part:

21 > The district courts shall have original jurisdiction of all
   > civil actions where the matter in controversy exceeds the
22 > sum or value of $75,000, exclusive of interest and costs,
   > and is between—

23 > (1) citizens of different states . . . .

24 **1.   Citizenship of the Parties**

25     5.    There is complete diversity of citizenship between the Plaintiff and the

26 Defendant.

27     6.    Plaintiff Greg Campbell is a citizen and resident of the State of

28 California.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

2

7.     At the time of the commencement of this action, and at all times subsequent hereto, Defendant EDMC was a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business located in Pittsburgh, Pennsylvania. *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102 (D. Cal. 2003).

## 2.     Amount in Controversy

8.     Under 28 U.S.C. § 1332(a), district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. Plaintiff's complaint seeks an unspecified amount of damages. Where the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). This burden is easily met if it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000. *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993 (C.D. Ca. 2002); *Campbell v. Bridgestone, Inc.*, 2006 WL 707291 (E.D.Ca. 2006)(denying motion to remand where it was facially apparent from the complaint that the amount in controversy exceeded $75,000); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Ca. 2002)(holding it was facially apparent from the complaint that the amount in controversy exceeded $75,000 where the plaintiff alleged compensatory, punitive and emotional distress damages, plus injunctive relief and attorneys' fees).

Plaintiff alleges that he suffered "loss of wages, salary, benefits, raises, retirement, and additional amount of money he would have received had he been retained in his position" (Complaint ¶¶ 21, 25, and 31) as well as "humiliation, financial hardship, mental anguish, and emotional distress" (Complaint ¶¶22, 26, and 29) and "further material expense" (Complaint ¶ 34) as a result of the alleged conduct of Defendant. He seeks several forms of damages consisting of

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

3

1  compensatory damages, including lost wages, monetary damages for emotional
2  distress, punitive damages plus attorney fees. (Complaint, at p. 7). Plaintiff's
3  extensive list of damages makes it facially apparent from the Complaint that he
4  seeks damages in excess of $75,000. Accordingly, the jurisdictional amount
5  required for diversity jurisdiction is clearly met in this case. If Plaintiff stipulates to
6  this court that, in this matter, he is not seeking and will never seek damages in
7  excess of $75,000.00, EDMC will withdraw this Notice of Removal.

8  ### III.   ADOPTION AND RESERVATION OF DEFENSES

9  9.   Nothing in this Notice of Removal shall be interpreted as a waiver or
10  relinquishment of any of the removing Defendant's right to assert any defense or
11  affirmative matter, including, but not limited to, the defenses of (1) lack of
12  jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4)
13  insufficiency of service of process; (5) improper joinder of claims and/or parties;
14  (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the
15  claims; (8) failure to join indispensable parties; (9) the exclusive remedy defense
16  provided by the California Worker's Compensation Act; or (10) any pertinent
17  defense under California Code of Civil Procedure or Federal Rules of Civil
18  Procedure, any state or federal statute, or otherwise.

19  ### IV.   JURISDICTIONAL REQUIREMENTS

20  10.   Attached hereto and marked as Exhibit A are true and correct copies of
21  the original Summons and Complaint that was filed on or about January 22, 2008
22  and served on February 7, 2008, in the civil action designated as Case Number Case
23  No. 37-2008-00076304-CU-WT-CTL.
24  11.   Defendant has sought no similar relief with respect to this matter.
25  12.   The prerequisites for removal under 28 U.S.C. § 1441 have been met.
26  13.   Written notice of the filing of this Notice of Removal will be given to
27  the adverse party as required by law.
28  14.   A Notice of Filing Notice of Removal, with a copy of this Notice of

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1   Removal attached, will promptly be filed with the Clerk of the Superior Court of

2   the State of California in San Diego County.

3        15.   The allegations of this notice are true and correct and this cause is

4   within the jurisdiction of the United States District Court for the Southern District

5   of California, and this cause is removable to the United States District Court for the

6   Southern District of California.

7        16.   If any question arises as to the propriety of the removal of this action,

8   Defendant requests the opportunity to present a brief and oral argument in support

9   of their position that this case is removable.

10        WHEREFORE, Defendant, desiring to remove this case to the United States

11   District Court for the Southern District of California being the district of said Court

12   for the County in which said action is pending, prays that the filing of this Notice of

13   Removal shall effect the removal of said suit to this Court.

14

15   Dated:  March 6, 2008                 CURIALE DELLAVERSON

16                               HIRSCHFELD & KRAEMER, LLP

17

18                    By:

19                             Reed E. Schaper
                             Attorneys for Defendant

20                         EDUCATION MANAGEMENT
                         CORPORATION

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# EXHIBIT A
# TO NOTICE OF REMOVAL

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2008 JAN 22 P 3: 44

CLERK OF THE SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EDUCATION MANAGEMENT CORPORATION

*Does 1 through 25 inclusive*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREG CAMPBELL

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER** *(Número del Caso)* 37-2008-00076304-CU-WT-CTL |
|---|---|

Hall of Justice
330 West Broadway
San Diego, California 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua D. Gruenberg, Larabee & Gruenberg, 2169 First Avenue, San Diego, California 92101
Telephone: (619) 230-1234

| DATE: *(Fecha)* JAN 2 2 2008 | Clerk, by *(Secretario)* A. RACELIS | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* *Education Management Corporation*

   under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

**EXHIBIT A, PAGE 6**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Zachary T. Tyson (SBN#211185)<br>Tyson & Tyson, LLP<br>2550 Fifth Avenue, 9th Floor<br>San Diego, California 92103<br>TELEPHONE NO.: 619-237-9292    FAX NO.:<br>ATTORNEY FOR *(Name):* Greg Campbell | FILED<br>CIVIL BUSINESS OFFICE 13<br>CENTRAL DIVISION<br><br>2008 JAN 22 P 3: 44<br><br>___OR COURT<br>S__ DIE__ COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central Division

CASE NAME:
Campbell v. Education Management Corporation et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00076304-CU-WT-CTL |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Three
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 17, 2008
Zachary T. Tyson
_____
(TYPE OR PRINT NAME)                     ▶ _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A , PAGE 7

1 | JOSHUA D. GRUENBERG (#163281)
LARABEE & GRUENBERG
2 | 2169 First Avenue
San Diego, California 92101
3 | Phone: (619) 230-1234; Fax: (619) 230-1074

4 | ZACHARY T. TYSON (#211185)
TYSON & TYSON, LLP
5 | 2550 Fifth Avenue, 9th Floor
San Diego, California 92103
6 | Phone: (619) 237-9292; Fax: (619) 615-2173

7 | Attorneys for GREG CAMPBELL

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

11 | GREG CAMPBELL,          Case No.  37-2008-00076304-CU-WT-CTL

12 |         Plaintiff,          CAMPBELL'S COMPLAINT FOR:

13 |     v.          (1) Wrongful termination in Violation of
Public Policy
14 | EDUCATION MANAGEMENT          (2) Violation of California Labor Code §§
CORPORATION; and DOES 1 through          921-923;
15 | 25, inclusive,          (3) Intentional Infliction of Emotional
Distress
16 |         Defendants.

**JURY TRIAL DEMANDED**

17

18

19 | Plaintiff GREG CAMPBELL ("Mr. Campbell" or "Plaintiff") alleges as follows:

20 | **PARTIES, JURISDICTION, AND VENUE**

21 |     1.  Mr. Campbell a is citizen of the State of California and maintains his domicile in

22 | San Diego County.

23 |     2.  On information and belief, at all relevant times stated herein, Defendant

24 | EDUCATION MANAGEMENT CORPORATION (hereinafter referred to collectively as

25 | "Defendants") is a business entity, form unknown.  On information and belief,

26 | EDUCATION MANAGEMENT CORPORATION is doing business in the State of

27 | California, County of San Diego.

28

*Left margin, vertical:* TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

*Filed stamp:* FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION
2008 JAN 22  P 3: 44
CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

---

1
COMPLAINT

3.  At all relevant times, Mr. Campbell was employed by Defendants, and each of them, located at 7650 Mission Valley Road, San Diego, California 92108.

4.  The true names and capacities of Defendants sued under the fictitious names DOES 1 through 25 are unknown and, on information and belief, each such defendant contributed to and is responsible for the events and damages alleged below.  Plaintiff will seek to amend this complaint to set forth the true names and capacities of such defendants when they become known.

5.  On information and belief, at all relevant times each of the Defendants, including DOE defendants, was the agent or employee of each of the other Defendants, and at all times was acting within the scope and authority of said agency or employment.

6.  The unlawful employment practices complained of herein occurred in San Diego County, State of California.

7.  Such tortious acts were authorized or ratified by upper-level managerial employees so as to render said Defendants liable for punitive damages.

## GENERAL ALLEGATIONS

6.  This case concerns serious violations of California public policy.  Defendants', and each of them, concocted specious allegations to formulate grounds for dismissing a loyal professor.

7.  On or about July of 2004, Mr. Campbell was hired by Defendants, and each of them, to teach at The Art Institute of California – San Diego.  Mr. Campbell as over fifteen (15) years of teaching experience, and throughout the period of his employment worked loyally and competently for Defendants.

8.  Throughout his employment, Mr. Campbell received his itemized wage statements identifying EDUCATION MANAGEMENT CORPORATION as the legal entity which was his employer.

9.  In 2007, Mr. Campbell was teaching 3 anthropology classes and 3 ethics classes. Mr. Campbell had an overall performance rating of 4 out of 5, and fully expected to receive a letter of appointment for the following academic year.

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

2
COMPLAINT

EXHIBIT A, PAGE 9

10. On or about December of 2006, Mr. Campbell contacted Mary Millet, of the California Federation of Teachers, to inquire about the benefits of organizing a union to represent faculty members to the Administration of Defendants.

11. On or about March 27 2007, Mr. Campbell and some twenty-five other faculty members met with Mary Millet for the purpose of organizing a union at the Art Institute of California – San Diego. At this meeting, Mr. Campbell was elected as Chair of the Organizing Committee.

12. On or about April 24, 2007, Liz Erickson, President of the Art Institute of California – San Diego, issued a letter to all faculty members actively campaigning against faculty organization.

13. On or about May 5, 2007, Mr. Campbell received a letter from Liz Erickson stating if union representatives were brought on campus he would immediately be subject to dismissal.

14. On May 8, 2007, Mr. Campbell was asked to meet Carol Campo, Director of Human Resources for AI-San Diego. During this brief meeting, Ms. Campo read from an Employee Counseling Action form charging Mr. Campbell with violating Defendants' policy on sexual harassment. Ms. Campo explained that his situation was now part of an "on-going investigation," and that he would no longer work as a mentor for new faculty or teach Ethics. Ms. Campo claimed that Mr. Campbell would have an opportunity to provide his version of the events.

15. The following day Mr. Campbell contacted Ms. Campo indicating that he wanted representation at their next meeting. Ms. Campo responded that since the Organizing Committee had not yet won an election Defendant had no obligation to allow for his representation. Furthermore, Ms. Campo stated that she had already concluded her investigation.

16. In the brief period that Mr. Campbell began his faculty organizing efforts Defendants, and each of them, trumpeted up no less than three seperate charges against

TYSON & TYSON, LLP
3560 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

---

3
COMPLAINT

1  Mr. Campbell, including an allegation of sexual harassment. The charges alleged by

2  Defendant were a sham and designed to prove a basis for his termination.

3      16.  Instead of investigating Mr. Campbell's objections to being written-up,

4  Defendants' and each of them, ratified Defendants' conduct and retaliated against Mr.

5  Campbell for engaging in the protected outlined above. On information and belief,

6  Defendants intentionally and in bad faith took extraordinary efforts to manufacture a basis

7  for Mr. Campbell's termination based on the ulterior motive to retaliate against Mr.

8  Campbell for organizing and designating representatives on campus.

9      17.  Mr. Campbell was treated very differently, unfairly and was singled out due to

10  his connection with the faculty organization.  On or about June 5, 2007, Mr. Campbell's

11  employment with Defendants, and each of them, was terminated.

**FIRST CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy v. All Defendants)**

14  18. Plaintiff re-alleges and incorporates herein by reference each and every

15  allegation in the preceding and subsequent paragraphs.

16      19. The misconduct of Defendants', and each of them, in causing the termination of

17  Plaintiff on the basis of his acting as a consumer advocate, organization efforts, political

18  activity, and requesting a designated representative, violated the public policy of the State

19  of California.

20      20.  Defendant's conduct, as alleged above, was oppressive and done with a

21  conscious disregard for the rights and emotions of Plaintiff.  As such,  Plaintiff is entitled

22  to exemplary and punitive damages from Defendants, and each of them, in an amount

23  sufficient to punish and deter future similar conduct.

24      21.  As a legal (proximate) result of Defendant's conduct, as alleged above, Mr.

25  Campbell has been harmed in that he has suffered the loss of wages, salary, benefits,

26  raises, retirement, and additional amounts of money he would have received had he been

27  retained in his position.  Mr. Campbell has been damaged in an amount according to

28  proof at trial.

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

4
COMPLAINT

22. As a further legal (proximate) result of Defendant's conduct, Mr. Campbell has been harmed in that he has suffered the intangible loss of employment-related opportunities and experience in the position which Mr. Campbell would have garnered. Mr. Campbell has suffered humiliation, financial hardship, mental anguish, and emotional distress. Plaintiff has been damaged in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 921-923 v. All Defendants)

23. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

24. Defendants' conduct, as alleged herein, constitutes a violation of California Labor Code §§ 921-923, which guarantees an employee the full freedom of association, self-organization and the designation of representatives of his own choosing. Defendants, and each of them, by and through its managing agents and/or employees, violated the public policy of the State of California by retaliating against Plaintiff and discharging his employment for exercising these rights.

25. As a legal (proximate) result of Defendant's conduct, as alleged above, Mr. Campbell has been harmed in that he has suffered the loss of wages, salary, benefits, raises, retirement, and additional amounts of money he would have received had he been retained in his position. Mr. Campbell has been damaged in an amount according to proof at trial.

26. As a further legal (proximate) result of Defendant's conduct, Mr. Campbell has been harmed in that he has suffered the intangible loss of employment-related opportunities and experience in the position which Mr. Campbell would have garnered. Mr. Campbell has suffered humiliation, financial hardship, mental anguish, and emotional distress. Plaintiff has been damaged in an amount according to proof at trial.

27. Defendant's conduct, as alleged above, was oppressive and done with a conscious disregard for the rights and emotions of Plaintiff. As such, Plaintiff is entitled

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

5

COMPLAINT

EXHIBIT _A_, PAGE _12_

1  to exemplary and punitive damages from Defendants, and each of them, in an amount

2  sufficient to punish and deter future similar conduct.

3  ### THIRD CAUSE OF ACTION

4  **(Intentional Infliction of Emotional Distress v. All Defendants)**

5  28. Plaintiff re-alleges and incorporates herein by reference each and every

6  allegation in the preceding and subsequent paragraphs.

7  29. The intentional misconduct of Defendants, and each of them, in terminating

8  Mr. Campbell's employment for the unjustifiable reasons alleged above, and in violation

9  of public policy of the State of California, was outrageous and done for the purpose of

10  causing Mr. Campbell to suffer humiliation, financial hardship, mental anguish and

11  emotional distress.

12  30. Defendant's conduct in confirming and ratifying the conduct was done with

13  the knowledge that Mr. Campbell's emotional and physical distress would thereby

14  increase and was done with a wanton and reckless disregard for the consequences to Mr.

15  Campbell.

16  31. As a legal (proximate) result of Defendant's conduct, as alleged above, Mr.

17  Campbell has been harmed in that he has suffered the loss of wages, salary, benefits,

18  raises, retirement, and additional amounts of money he would have received had he been

19  retained in his position. Mr. Campbell has been damaged in an amount according to

20  proof at trial.

21  32. As a further legal (proximate) result of Defendant's conduct, Mr. Campbell has

22  been harmed in that he has suffered the intangible loss of employment-related

23  opportunities and experience in the position which Mr. Campbell would have garnered.

24  Mr. Campbell has suffered and continues to suffer humiliation, financial hardship, mental

25  anguish, and emotional distress. Plaintiff has been damaged in an amount according to

26  proof at trial.

27  33. On information and belief, Defendants' conduct was malicious, fraudulent

28  and/or oppressive and done with reckless disregard for Plaintiff's rights. This conduct

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

EXHIBIT A, PAGE 13

1  includes, but is not limited to, concocting and manufacturing a basis for Plaintiff's

2  discharge of employment. Defendants' conduct in confirming, ratifying and approving

3  the conduct of the other defendants was done with the knowledge that it would cause

4  Plaintiff severe emotional distress and hardship and was done with wanton and reckless

5  disregard of the consequences to Plaintiff.

6      34. Plaintiff is informed and believes that he will incur further material expenses,

7  the exact amount of which is presently unknown to Plaintiff.

8      **WHEREFORE,** Plaintiff GREG CAMPBELL prays for judgment against

9  Defendants, and each of them, as follows:

10     1.  For general and compensatory damages according to proof at trial;

11     2.  For special damages according to proof at trial;

12     3.  For punitive damages in an amount necessary to make and example of and to

13         punish Defendants and deter future similar conduct;

14     4.  For costs of suit, expert fees and attorney's fees;

15     5.  For interest and prejudgment interest at the legal rate of 10%; and,

16     6.  For such other and further relief as the Court deems proper and just under all

17         the circumstances.

18

19  Dated: 1/18/08

20                              LARABEE & GRUENBERG;
                                TYSON & TYSON, LLP

21

22  By: _____
                                ZACHARY T. TYSON
23                              Attorneys GREG CAMPBELL

24

25

26

27

28

7
COMPLAINT

EXHIBIT _A_, PAGE 14

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2425 Olympic Boulevard, Suite 550 East Tower, Santa Monica, California  90404.  On March 7, 2008, I served the following document(s) by the method indicated below:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b)

☐    by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 p.m. and was reported complete and without error.  Service by fax was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below.  I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery.  On March 7, 2008, I caused to be served via messenger the above-listed documents.

☐    by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Joshua D. Gruenberg, Esq.
LARABEE & GRUENBERG
2169 First Avenue
San Diego, CA 92101
Telephone:  (619) 230-1234
Facsimile:  (619) 230-1074

Zachary T. Tyson, Esq.
TYSON & TYSON, LLP
2550 Fifth Avenue, 9th Floor
San Diego, CA 92103
Telephone:  (619) 237-9292
Facsimile:  (619) 615-2173

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 7, 2008, at Santa Monica, California.

*Robbin DeRuisé*
_____
Robbin T. DeRuisé

1   REED E. SCHAPER (SBN 082792)
    CURIALE DELLAVERSON
2     HIRSCHFELD & KRAEMER, LLP
    2425 Olympic Boulevard
3   Suite 550 East Tower
    Santa Monica, CA 90404
4   Telephone: (310) 255-0705
    Facsimile: (310) 255-0986
5
    Attorneys for Defendant
6   EDUCATION MANAGEMENT
    CORPORATION
7

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  GREG CAMPBELL,                    Case No.

12              Plaintiff,            **NOTICE OF INTERESTED
                                      PARTIES**
13  vs.
                                      [San Diego Superior Court Case No.
14  EDUCATION MANAGEMENT                37-2008-00076304-CU-WT-CTL]
    CORPORATION; and DOES 1
15  through 25, inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1     The undersigned counsel of record for Education Management Corporation

2  certifies that the following listed parties have a direct, pecuniary interest in the

3  outcome of this case.  These representations are made to enable the Court to

4  evaluate possible disqualification or recusal:

5      (1)    Greg Campbell

6      (2)    Education Management Corporation

7      (3)    Art Institute of California – San Diego, operated by Education

8  Management Corporation

9

10

11  Dated:  March 6, 2008

                        CURIALE DELLAVERSON
12                        HIRSCHFELD & KRAEMER, LLP

13

14                        By:
15                           Reed E. Schaper
                        Attorneys for Defendant
16                        EDUCATION MANAGEMENT
                        CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

2

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

2    **PROOF OF SERVICE**

3    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2425 Olympic Boulevard, Suite 550 East Tower, Santa Monica, California 90404. On March 7, 2008, I served the following document(s) by the method indicated below:

    **NOTICE OF INTERESTED PARTIES**

☐    by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On March 7, 2008, I caused to be served via messenger the above-listed documents.

☐    by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Joshua D. Gruenberg, Esq.              Zachary T. Tyson, Esq.
LARABEE & GRUENBERG              TYSON & TYSON, LLP
2169 First Avenue                        2550 Fifth Avenue, 9th Floor
San Diego, CA 92101                     San Diego, CA 92103
Telephone: (619) 230-1234              Telephone: (619) 237-9292
Facsimile: (619) 230-1074              Facsimile: (619) 615-2173

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 7, 2008, at Santa Monica, California.

                                    _Robbin DeRuisé_
                                    Robbin T. DeRuisé

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 148545    — SH

## March 07, 2008
## 14:53:20

### Civ Fil Non-Pris
USAO #.: 08CV0434
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC28907


Total—>  $350.00


FROM: CAMPBELL V. EDUCATION MANAGEME

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

GREG CAMPBELL

**DEFENDANTS**

EDUCATION MANAGEMENT CORPORATION and DOES

1 through 25, inclusive

(b) County of Residence of First Listed Plaintiff   San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Allegheny, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

SEE ATTACHED LIST

Attorneys (If Known)

**'08 CV 434 BTM POR**

SEE ATTACHED LIST

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441(b)

Brief description of cause:
Alleged wrongful termination based on support for union organizing

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

March 6, 2008

SIGNATURE OF ATTORNEY OF RECORD

Reed E. Schaper

### FOR OFFICE USE ONLY

RECEIPT # 148545   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

SM 3/7/08

VIA FAX





Attachment to Civil Cover Sheet
Greg Campbell v. Education Management Corporation, et al.

I.    **PLAINTIFFS**
     (c)  Attorney's (Firm Name, Address, and Telephone Number)[for Plaintiff]

          Joshua D. Gruenberg, Esq.
          LARABEE & GRUENBERG
          2169 First Avenue
          San Diego, CA 92101
          Telephone:  (619) 230-1234
          Facsimile:  (619) 230-1074

          Zachary T. Tyson, Esq.
          TYSON & TYSON, LLP
          2550 Fifth Avenue, 9th Floor
          San Diego, CA 92103
          Telephone:  (619) 237-9292
          Facsimile:  (619) 615-2173

I.    **DEFENDANTS**
     Attorneys (If Known)

          Reed E. Schaper, Esq.
          Curiale Dellaverson Hirschfeld & Kraemer, LLP
          2425 Olympic Boulevard
          Suite 550 East Tower
          Santa Monica, CA 90404
          Telephone:  (310) 255-0705
          Facsimile:  (310) 255-0986

4811-2561-8178.v1