REED E. SCHAPER (SBN 082792)
CURIALE DELLAVERSON
  HIRSCHFELD & KRAEMER, LLP
2425 Olympic Boulevard
Suite 550 East Tower
Santa Monica, CA 90404
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
EDUCATION MANAGEMENT CORPORATION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG CAMPBELL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EDUCATION MANAGEMENT CORPORATION; and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No. 08 CV 434 BTM POR<br><br>**DEFENDANT EDUCATION MANAGEMENT CORPORATION'S ANSWER TO COMPLAINT FOR: (1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; (2) VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 921-923; (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Defendant EDUCATION MANAGEMENT CORPORATION (Defendant) hereby submits its answer to Plaintiff GREG CAMPBELL'S Complaint.

## PARTIES, JURISDICTION, AND VENUE

1.　Defendant lacks sufficient information or knowledge to admit or deny the statements made about Plaintiff contained in Paragraph 1 of the Complaint, and on that basis, deny them.

2.　Defendant alleges that it is a Pennsylvania corporation. Defendant admits that it is doing business in the State of California, in San Diego County.

3.　Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant lacks sufficient information or knowledge to admit or deny the statements made about Plaintiff contained in Paragraph 4 of the Complaint, and on that basis, denies them.

5. Defendant lacks sufficient information or knowledge to admit or deny the statements made about Plaintiff contained in Paragraph 5 of the Complaint, and on that basis, denies them.

## GENERAL ALLEGATIONS

6. Defendant denies that any unlawful employment act took place at any time. Defendant admits that the acts alleged by Plaintiff took place in San Diego County, as alleged in Paragraph 6 of the Complaint.

7. Defendant denies each and every allegation contained in Paragraph 7 of the Complaint.

8. The statements contained in Paragraph 8 are statements or interpretations of law, and Defendant is not required to admit or deny such statements or interpretations. To the extent a response is required, Defendant denies each and every allegation contained in the second Paragraph 6 of the Complaint.

9. Defendant admits that Plaintiff was hired by Defendant in or about July of 2004. Defendant lacks sufficient information or knowledge to admit or deny the statements concerning teaching experience. Except as specifically admitted, Defendant denies each and every allegation contained in the second Paragraph 7 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

11. Defendant admits that Plaintiff was teaching anthropology and ethics classes in 2007. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

///

12. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 10 and 11 of the Complaint, and on that basis, denies them.

13. Defendant admits that Liz Erickson issued a letter to all faculty on April 24, 2007. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 12 of the Complaint.

14. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint, and on that basis, denies them.

15. Defendant admits there was a meeting on May 8, 2007 between Plaintiff and Carol Campo at which time Plaintiff was provided with an employee counseling action form with allegations about Plaintiff's behavior, that he would no longer be working as a mentor or teaching ethics and that the investigation would continue with an opportunity for Plaintiff to respond. Except as specifically admitted or alleged, Defendant denies each and every remaining allegation contained in Paragraph 14 of the Complaint.

16. Defendant admits that Plaintiff contacted Ms. Campo regarding representation. Except as specifically admitted Defendant denies each and every allegation contained in Paragraph 15.

17. Defendant denies each and every allegation contained in Paragraph 16, the second Paragraph 16, and Paragraph 17 of the Complaint.

## FIRST CAUSE OF ACTION

18. In response to Paragraph 18, Defendant incorporates by reference its admissions, denials, and averments made in response to Paragraphs 1-17 of the Complaint, including all duplicately-numbered paragraphs, as if fully set forth herein.

19. The statements contained in Paragraph 19 are statements or interpretations of law, and Defendant is not required to admit or deny such

3

EDUCATION MANAGEMENT CORPORATION'S ANSWER TO COMPLAINT
CASE NO. 08 CV 434 BTM POR

statements or interpretations. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 19 of the Complaint.

20. Defendant denies each and every allegation contained in Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation contained in Paragraphs 21-22 of the Complaint.

## SECOND CAUSE OF ACTION

22. In response to Paragraph 23, Defendant incorporates its admissions, denials and averments made in response to Paragraphs 1-22 of the Complaint, including all duplicately-numbered paragraphs, as if fully set forth herein.

23. The statements contained in Paragraph 24 are statement or interpretations of law, and Defendant is not required to admit or deny such statements or interpretations. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

24. Defendant denies each and every allegation contained in Paragraphs 25-27.

## THIRD CAUSE OF ACTION

25. In response to Paragraph 28, Defendant incorporates by reference its admissions, denials, and averments made in response to Paragraphs 1-27 of the Complaint, including all duplicately-numbered paragraphs, as if fully set forth herein.

26. The statements contained in Paragraph 29 are statement or interpretations of law, and Defendant is not required to admit or deny such statements or interpretations. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 29 of the Complaint.

27. Defendant denies each and every allegation contained in Paragraphs 30-34 of the Complaint.

///

28.    As an affirmative defense to each of Plaintiff's claims, Defendants aver that Plaintiff fails to state facts sufficient to constitute a cause of action against Defendants.

### AFFIRMATIVE DEFENSES – PRELIMINARY STATEMENT

Defendant has alleged defenses as set forth below to avoid the necessity of amending its answer. Defendant recognizes that some of the defenses may ultimately not be applicable. By such pleading, Defendant intends no alteration of the burden of proof or the burden of going forward with the evidence that otherwise exists with respect to any particular issues of law or equity. Furthermore, all defenses are pled in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

29.    As an affirmative defense to each of Plaintiff's claims, Defendant avers that Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

30.    As an affirmative defense to each of Plaintiff's claims, Defendant avers that Plaintiff failed, and continues to fail, to take reasonable steps to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE
### (Performance of Duty)

31.    As an affirmative defense to each of Plaintiff's claims, Defendant avers that it has performed any and all statutory duties owed to Plaintiff, and Plaintiff is therefore estopped from asserting any cause of action against Defendants.

///

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

32. As an affirmative defense to each of Plaintiff's claims, Defendant avers that Plaintiff has waived his rights, if any, and cannot recover on his Complaint or any claim for relief contained therein.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

33. As an affirmative defense to each of Plaintiff's claims, Defendant avers that Plaintiffs is estopped from asserting his claims by virtue of his own conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Negligent, Intentional and/or Bad Faith Conduct)

34. As an affirmative defense to each of Plaintiff's claims, Defendant avers that Plaintiff's claims are barred by his negligent, intentional and/or bad faith conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

35. As an affirmative defense to each of Plaintiff's claims, Defendant avers that any and all conduct of which Plaintiff complains, and which is attributed to Defendant, was a just and proper exercise of discretion on Defendant's part, undertaken for a fair and honest reason, and regulated by good faith under the circumstances which then existed.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

36. As an affirmative defense to each of Plaintiff's claims, Defendant avers that his claims, in whole or in part, are barred by the applicable statute of limitations.

///

## NINTH AFFIRMATIVE DEFENSE
## (Failure to State Punitive Damages Claim)

37. As an affirmative defense to Plaintiff's prayer for punitive damages, Defendant avers that Plaintiff has failed to state facts sufficient to state a claim for punitive damages.

## TENTH AFFIRMATIVE DEFENSE
## (Preemption)

38. As an affirmative defense to each of Plaintiff's claims, Defendant avers that Plaintiff's claims under state law are preempted by applicable federal law.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

39. Plaintiff's claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
## (Claims Made in Bad Faith)

40. Plaintiff lacks any reasonable cause to pursue any claims against Defendant, and this should be found obligated to Defendant for its reasonable attorney's fees and costs incurred in opposing this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint;
2. That this action be dismissed with prejudice;
3. That the Court issue judgment in favor of Defendant;
4. That Defendant be awarded reasonable attorneys' fees and costs incurred in defense of this action; and

///

///

///

5. That Defendant be awarded such other and further relief as this Court may deem just and proper.

Dated: April 4, 2008

CURIALE DELLAVERSON
HIRSCHFELD & KRAEMER, LLP


By: s/Reed E. Schaper
Reed E. Schaper
Attorneys for Defendant
EDUCATION MANAGEMENT CORPORATION

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2425 Olympic Boulevard, Suite 550 East Tower, Santa Monica, California 90404. On March 31, 2008, I served the following document(s) by the method indicated below:

DEFENDANT EDUCATION MANAGEMENT CORPORATION'S ANSWER TO COMPLAINT FOR: (1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; (2) VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 921-923; (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On April 4, 2008, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Joshua D. Gruenberg, Esq.  
LARABEE & GRUENBERG  
2169 First Avenue  
San Diego, CA 92101  
Telephone: (619) 230-1234  
Facsimile: (619) 230-1074  

Zachary T. Tyson, Esq.  
TYSON & TYSON, LLP  
2550 Fifth Avenue, 9th Floor  
San Diego, CA 92103  
Telephone: (619) 237-9292  
Facsimile: (619) 615-2173  

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on March 31, 2008 at Santa Monica, California.

*Robbin DeRuisé*  
Robbin T. DeRuisé

EDUCATION MANAGEMENT CORPORATION'S ANSWER TO COMPLAINT  
CASE NO. 08 CV 434 BTM POR